IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CESAR ANDRES OCHOA ZAMBRANO, *Plaintiff*,<br>v.<br>MARKWAYNE MULLIN, *et al.* *Defendant*. | 1:26-cv-2201 |

ORDER

This matter comes before the Court on Petitioner's Motion to Enforce Judgment. ECF 8. Upon consideration of Petitioner's motion, Respondents' response, ECF 10, and Petitioner's reply, ECF 12, and for good cause shown, it is hereby

ORDERED that Respondents shall, within seven days of this Order, either release Petitioner or provide him with an individualized, constitutionally-compliant bond hearing pursuant to 8 U.S.C. § 1226(a). As articulated in *Manuel De Jesus Mendez Trigueros v. Robert Guadian*, this Court "retains jurisdiction to review whether Respondents provided Petitioner with a constitutionally compliant bond hearing." No. 1:26-CV-205 (AJT-WPB), 2026 WL 2321978, at *2 (E.D. Va. Feb. 18, 2026). In this case, the IJ's analysis of discretionary bond violated Petitioner's due process rights. First, in finding Petitioner was a flight risk the IJ analyzed impermissible factors including[1] speculation regarding Petitioner's potential for removal relief.[2]

[1] Petitioner alleges that the Immigration Judge made improper speculations regarding Petitioner's payment of taxes. ECF 8 at 2. However, the IJ's decision did not indicate that those speculations were a basis for his decision. If he had, those decisions would have been an improper reason for denial of bond. *See Chavarria Mejia v. Crawford*, No. 1:26-CV-253 (LMB/LRV), 2026 WL 819603, at *6 (E.D. Va. Mar. 25, 2026) ("The failure to pay taxes, standing alone, does not provide the evidentiary support constitutionally required to deny a noncitizen's request for release on bond, particularly given that the Immigration Judge did not consider any condition or set of conditions that will reasonably ensure [petitioner's] appearance at future proceedings.") (internal citation omitted); *Aguilon Fuentes v. Bondi, et al.*, No. 1:26-cv-00167, ECF 14 at 5 (E.D. Va. Feb. 24, 2026) ("Likewise, any purported tax violations are not a consideration that would provide the evidentiary support due process constitutionally required in determining flight risk.") (internal citation and quotations omitted).

[2] *Aguilon Fuentes*, 1:26-cv-00167, ECF 14 at 5 ("Similarly, Petitioner's intent to file an application for cancellation of removal—and the Immigration Judge's speculation as to the merits of that application—supports no inference of flight risk.").

Second, the IJ failed to consider important evidence regarding Petitioner's employment. The IJ reiterated multiple times that he was concerned about Petitioner's lack of present employment. *See* ECF 10 at 10 ("... the Court is concerned that for over a year, the respondent has not been employed."); *id.* ("...the court finds that there are no conditions or combinations of conditions that will ensure the respondent's appearance, *especially in light of the fact that he is unemployed* ...) (emphasis added). The IJ failed to analyze or even mention the letter of support received from Alberto Chann, which explains that Petitioner "has been employed with CK maintenance by Amtrak Contractor since November 2025." *See* ECF 8-1 at 74. The IJ"s failure to consider this highly relevant and probative evidence renders his decision improper.[3]; it is further

ORDERED that if a bond hearing is provided, Respondents notify this Court within three days of the bond hearing's decision, and, if bond is denied, the reasons for denial.

The Clerk is directed to forward a copy of this Order to counsel of record.

/s/
Michael S. Nachmanoff
United States District Judge

August 18, 2026
Alexandria, Virginia

[3] *See Garcia v. Hyde*, 817 F. Supp. 3d 112, 130 (D.R.I. 2025) (finding Petitioner's due process violated where the IJ ignored two probative evidentiary documents); *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 773 (N.D. Cal. 2019) (citation omitted) (finding that a new hearing may be required "[w]here it appears as though the IJ misinterpreted or failed to consider probative evidence"); *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (citation omitted) (explaining that while the IJ "need not discuss ad nauseam every piece of evidence," they "may not simply ignore substantial testimonial and documentary proof").